# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGENUITY 13 LLC,<br><br>        Plaintiff,<br>  v.<br>JOHN DOE,<br><br>        Defendant. | Case No. 2:12-cv-8327-ODW(JCx)<br><br>**ORDER VACATING PRIOR EARLY DISCOVERY ORDERS AND ORDER TO SHOW CAUSE** |

    This copyright infringement case filed by Plaintiff Ingenuity 13 LLC has been transferred to this Court. The Court hereby **VACATES** any prior order in this case allowing for the issuance of a Rule 45 subpoena prior to a Rule 26(f) scheduling conference. The Court also orders Ingenuity 13 to cease its discovery efforts relating to or based on information obtained through any abovementioned Rule 45 subpoenas—Ingenuity 13's previously issued subpoenas in this case are hereby **QUASHED**. Within 3 days of this order, Ingenuity 13 must serve a copy of this order to all parties it subpoenaed in this case.

    Further, Ingenuity 13 must submit a discovery status report detailing its discovery efforts in this case with respect to identifying or locating the Doe Defendant by December 31, 2012. This report must name all persons that have been identified, including subscribers, through any Rule 45 subpoenas.

    The Court is concerned with the potential for discovery abuse in cases like this. Ingenuity 13 accuses the Doe Defendant of illegally copying a pornographic video.

But the only information Ingenuity 13 has is the IP address of the Doe Defendant. An IP address alone may yield subscriber information. But that will only lead to the person paying for the internet service and not necessarily the actual infringer, who may be a family member, roommate, employee, customer, guest, or even a complete stranger. *Malibu Media LLC v. John Does 1–10*, No. 2:12-cv-01642-RGK-SSx, slip op. at 4 (C.D. Cal. Oct. 10, 2012). And given the subject matter of Ingenuity 13's accusations and the economics of defending such a lawsuit, it is highly likely that the subscriber would immediately pay a settlement demand—regardless whether the subscriber is the actual infringer. This Court has a duty to protect the innocent citizens of this district from this sort of legal shakedown, even though a copyright holder's rights may be infringed by a few deviants. And unlike law enforcement in child pornography or other internet crime cases, the Court has no guarantee from a private party that subscriber information will not abused or that it would be used for the benefit of the public. Thus, when viewed with the public interest in mind, the Court is reluctant to allow any fishing-expedition discovery when all a plaintiff has is an IP address—the burden is on the plaintiff to find other ways to more precisely identify the accused infringer without causing collateral damage.

Thus, the Court hereby **ORDERS** Ingenuity 13 **TO SHOW CAUSE** in writing by December 31, 2012, why early discovery is warranted in this situation. No appearances are necessary. Under Ninth Circuit precedent, a plaintiff should ordinarily be allowed discovery to uncover their identities, but discovery may be denied if it is (1) clear that discovery would not uncover the identities, or (2) that the complaint would be dismissed on other grounds. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Ingenuity 13 must demonstrate to the Court, in light of the Court's above discussion, how it would proceed to uncover the identity of the actual infringer once it has obtained subscriber information—given that the actual infringer may be a person entirely unrelated to the subscriber—while also considering how to minimize harassment and embarrassment of innocent citizens. Ingenuity 13 must also

explain how it can guarantee to the Court that any such subscriber information would not be used to simply coerce a settlement from the subscriber (the easy route), as opposed to finding out who the true infringer is (the hard route).

Ingenuity 13's discovery status report and response to this Order to Show Cause should be filed only in case no. 2:12-cv-6662-ODW(JCx), and should be combined with the discovery status reports and responses for the related Ingenuity 13 cases. Failure to timely comply with this order will result in the dismissal of this case.

**IT IS SO ORDERED.**

December 20, 2012

_____

**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**